IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                          Case No. 3:14CR403

      Plaintiff

   v.                                             **ORDER**

Susan M. Pioch, et al.,

      Defendant

In this criminal case the government has moved for approval to use an evidence deposition of Gary L. Mallory in lieu of his live testimony at the forthcoming trial. (Doc. 102). The defendants oppose the motion, desiring to have Mallory testify live via video conferencing from the U.S. Courthouse in Phoenix, Arizona.

The evidence deposition took place on May 6, 2015, on agreement of the parties in anticipation that Mallory, who is in his late seventies, might not be living by the time trial occurred. He still survives, and thus is "available" in one sense of the term.

The dispositive issue is whether Mallory's present medical condition precludes him from traveling to and from the Phoenix Courthouse and endure the rigors of testifying, despite having the ability to request breaks at whatever intervals he might desire.

Under Rule 804(a)(4) of the Federal Rules of Evidence, when a "declarant is considered to be unavailable as a witness," hearsay – such as the evidence deposition in this case – is admissible. Among the Rule's bases for a finding of unavailability is that the witness "cannot be present or testify at the trial or hearing because of . . . then-existing infirmity, physical illness, or mental illness." Fed. R. Evid. 804(a)(4).

The record as to Mallory's now-existing condition contains no current or even relatively recent physician notes or clinical test results. Instead, the most recent information comes from the observation notes of his home healthcare provider, MD24 House Call.

Nonetheless, for the reasons that follow, I am clearly and convincingly persuaded that Mallory is physically unable to be taken back and forth from his nursing home residence to the Phoenix courthouse, and that he is physically unable to endure, without significant discomfort, the hours-long examination to which counsel would subject him.

I find, accordingly, that Mallory is unavailable for trial, overrule the defendants' objections, and grant the government's motion to introduce that deposition in lieu of live video-conferenced testimony.

**Background**

Medical records dated April 8, 2015, report that Mallory was, as of that date, afflicted with multiple chronic medical conditions: type 2 diabetes, chronic obstructive pulmonary disease, lumbar disc degeneration, and a history of bladder cancer among other ailments with some dating back at least until 2011. Cancerous bladder tumors were removed on December 19, 2013 and May 19, 2014.

The physician's most recent progress notes at the time of the May deposition, dated January 28, 2015, repeat Mallory's chronic conditions, including "Lumbar disc disease, Hypertension, Hyperlipidemia, type II diabetes, asthma, chronic obstructive pulmonary disease (COPD), [and] bladder CA." Under "Surgical History," the notes indicate "lumbar fusion, hernia repair, triple bypass, gallbladder removed [and] 2 tumors removed from bladder - cancerous."

During his evidence deposition, Mallory confirmed his afflictions and their effects:: "I have high blood pressure, I'm diabetic, L3 and L4 [vertebrae] in my back are disintegrating. I take pills for pain." He also confirmed his bladder cancer surgeries.

Since his deposition, Mallory has been hospitalized twice; he currently is in the care of medical professionals with MD24 House Call. This provider treat him at his nursing home because it considers him homebound due to his chronic medical conditions.

Of his two hospitalizations, the first was an overnight stay due to "[h]ematuria ongoing for the last 2 weeks, but getting worse in the last one day."[1] The hospital summarized Mallory's past medical history "of urothelial cancer . . . Coronary artery disease . . . Lumbar disease . . . Diabetes . . . Hypertension . . . Chronic obstructive pulmonary disease . . . and Pacemaker placement."

The second hospitalization occurred in August 2015 for acute renal failure.

On his discharge on August 31, 2015, the hospital's "Discharge Diagnosis" listed his ailments as: Symptomatic bradycardia; hypertension secondary to above; acute renal failure secondary to acute tubular necrosis on chronic kidney disease; shortness of breath, chronic obstructive pulmonary disease; elevated troponin, possibly secondary to renal failure; elevated liver function tests, transaminitis; history of hypertension; hyperlipidemia; history of coronary artery bypass graft; history of arterial fibrillation, status post ablation, paroxysmal atrial fibrillation and flutter; and diabetes type2.

Records from MD24 House Call dated October 5, 2015, indicated that Mallory is "homebound" ans requires house calls in lieu of office visits. The chart also identifies an exhaustive list of serious medical conditions, including kidney disease, that are all listed as "chronic."

The most recent record from MD24 House Call indicates that Mr. Mallory still suffers from the chronic medical conditions reflected in his Spring, 2015, patient charts: "Type 2 diabetes mellitus with diabetic polyneuropathy . . . Hypertensive chronic kidney disease . . . Chronic kidney disease,

---

[1] Hematuria is blood in the urine.

Stage 3 (moderate) . . . Hematuria, unspecified . . .     Chronic pain syndrome . . . Chronic obstructive pulmonary disease," among other ailments.

The chart also identifies new serious conditions: "Pressure ulcer of right hip, stage 1 . . . Pressure ulcer of left hip, stage 1 . . . Non-pressure chronic ulcer of right ankle limited to breakdown of skin." *Id.* The chart also reaffirms Mr. Mallory's lengthy history of medical problems. *Id.* A fax dated May 20, 2016 also identifies several medications for Mr. Mallory, including medicine for muscle spasms, nausea, shortness of breath, an antidiabetic, a neuropathy medicine, and oxycodone. *Id.*

## Discussion

Federal courts recognize that serious and chronic illnesses can render a witness "unavailable" under Rule 804(a)(4).

As the Sixth Circuit stated in *U.S. v. Campbell*, 845 F.2d 1374, 1377–78 (6th Cir. 1988), "[i]t is well-established that the infirmity of an elderly witness which prevents him or her from traveling is an 'exceptional circumstance' which justifies the use of a deposition at trial."

Other courts agree that severe and chronic medical conditions make elderly, infirm, multi-afflicted persons unavailable under Rule 804(a)(4). *See U.S. v. McGowan*, 590 F.3d 446, 454 (7th Cir. 2009) (sixty-three-year-old witness was morbidly obese, diabetic, and afflicted with "other severe and chronic conditions"); *U.S. v. Keithan*, 751 F.2d 9, 12–13 (1st Cir. 1984) (witnesses in their eighties afflicted with heart and back conditions); *U.S. v. McGuire*, 307 F.3d 1192, 1205 (9th Cir. 2002) (witness in seventh month of pregnancy)

Mallory's multiple, chronic, and, as to some, painful medical conditions are as severe as, or more so than, those reported in these cases. Standing alone, his medical profile persuades me that

4

he is unable to go to and from the Phoenix Courthouse and, while there, endure a several hour examination.

The records from MD24 House Call, which is and has for a long time been Mallory's sole on-scene healthcare provider, responsible for monitoring, assessing, and treating his vast array of ailments, provide compelling proof of his inability to leave the nursing home. MD24 House Call has been his primary medial attendant because he is (and no one disputes that he is) "homebound." *In other words, it is apparent that those medical caregivers with a direct, firsthand, and long-standing professional relationship, view him as unable to make even the briefest and most inconsequential trips for medical attention.*

A commonplace legal term, albeit outside its typical context, fits: *res ipsa loquitur*.

### Conclusion

In light of the foregoing, admission of the evidence deposition of Gary L. Mallory on May 6, 2015, does not contravene the defendants' right of confrontation at trial. As "former testimony" that "was given . . . at a . . . lawful deposition," at which defendants' attorneys had and took the opportunity to challenge Mallory's testimony by cross-examination, the deposition qualifies for admission under Fed. R. Evid. 804(b)(1)(B).

It is, therefore,

ORDERED THAT the government's motion to admit the May 6, 2015, evidence deposition of Gary L. Mallory in lieu of live video-conferenced testimony (Doc. 102) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

5