IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                                  Case No. 3:14CR403

        Plaintiff,

        v.                                                                              **ORDER**

Susan Pioch, et al.,

        Defendant.

Pending is a motion by two defendants to exclude the government's proposed handwriting experts' testimony. (Doc. 161), which the government opposes. (Doc. 198).

I agree with the government that the movants have not established a basis to conduct a full-scale *Daubert/Kumho* hearing. That does not, however, relieve the government of its burden of laying an appropriate foundation for the proposed testimony. *See generally U.S. v. Jones*, 107 F.3d 1147, 1160 (6th Cir. 1997).

As the government points out, the views expressed in the law review article on which defendants principally rely, D. Michael Risinger, *Defining the "Task at Hand": Non-Science Forensic Science After* Kumho Tire Co. v. Carmichael, 57 Wash. & Lee L. Rev. 767 (2000), have yet to find favor in the federal courts. In any event, the defendants have not cited, nor have I found, anything among the cases on this issue that undercuts *Jones* or my duty to follow its holding.

As I advised counsel during a status conference on October 26, 2016, I overruled the defendants' motion to exclude the proposed testimony on the grounds that they have urged; however, I do so without prejudice to the government's obligation to lay, and the movants' opportunity to challenge the adequacy of, the requisite foundation.

I expect that the *voir dire* of the proposed experts, including any to be proffered by the defendants, shall take place outside the hearing of the jury the evening before the day on which a party intends to have such expert testify.

It is hereby,

ORDERED THAT: the motion of defendants Pioch and McKnight to exclude opinion testimony as to handwriting (Doc. 161) be, and the same hereby is, denied without prejudice to the right of all defendants to challenge the adequacy of the government's foundation as to such testimony.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge