# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,                  Case No. 3:14CR403

    Plaintiff

    v.                                             **ORDER**

Susan Pioch, et al.,

    Defendant

      Defendant Pioch has filed a motion in limine to exclude testimony about statements Martin Fewlas made to others (whom the government intends to call as witnesses) about Kurt Mallory's drug use and sales. (Doc. 186). The government's opposition notes that it initially excluded such statements from those it intends to offer from those witnesses. *See* Doc. 180.

      Also in response to the defendant's motion, which she bases on Fed. R. Evid. 403, the government now indicates that it may offer such statements, apparently in rebuttal, if the defendants undertake to offer testimony or other evidence to contradict the inference that Fewlas would never have left his estate to Kurt Mallory.

      For now, it does not appear necessary to rule on the defendant's motion. Doing so depends on what happens at trial. As the evidence unfolds, the defendant can renew her motion.

For me to do so most efficiently, it will be necessary that the government alert me and counsel of its intent to offer Fewlas's comments to the witnesses about Mallory's drug use and dealing.

At that time, the government, to the extent that I permit, over the defendant's Rule 43 or other objections, such testimony, may renew its request for an appropriate cautionary instruction.

For now, it is hereby

ORDERED THAT the defendant's motion to exclude drug-related statements attributed to Martin Fewlas (Doc. 181) be, and the same hereby is denied, without prejudice to renew when and if the government informs the undersigned and counsel of an intent to offer such statements.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge