# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,　　　　　　　　　　　　Case No. 3:14CR403

　　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　　　　　　　**ORDER**

Susan M. Pioch,

　　　　　Defendant

　　This is a criminal case in which a jury found Susan Pioch and her two codefendants guilty of multiple crimes arising from their scheme to create and probate a fake will and thereby acquire and pilfer the $3.2 million estate of an elderly widower. *See U.S. v. Mallory*, 902 F.3d 584 (6th Cir. 2018); *U.S. v. Mallory*, 2019 WL 1904223 (N.D. Ohio 2019). I sentenced Pioch to 111 months' imprisonment, imposed a special assessment of $3,700, and ordered her to pay $2,037,783.30 in restitution. (Doc. 380).

　　The Sixth Circuit affirmed Pioch's convictions but remanded for resentencing, having found that my imposition of a financial-hardship enhancement under U.S.S.G. § 2B1.1(b)(2)(A) was improper. The Circuit's decision did not affect the restitution order or special assessment.

　　After sentencing, the government moved for two orders of garnishment directed at financial institutions that held certain of Pioch's funds. (Docs. 428, 429). As part of its garnishment request, the government also sought a litigation surcharge of ten percent of Pioch's total debt post-sentencing – *i.e.*, $204,148.33, which represented ten percent of the combined special assessment and restitution. (Doc. 424).

Under 28 U.S.C. § 3011(a), "the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement of the claim for such debt." 28 U.S.C. § 3011(a). To justify its entitlement to the surcharge, the government detailed Pioch's substantial and duplicitous failure to comply with my order to liquidate her investment accounts and apply those funds to her restitution obligation. (Doc. 426, PageID 6424–25, 6427–30).

Pioch objects to the imposition of the surcharge on the ground that the surcharge: 1) "is subject to equitable considerations," such that I have discretion not to impose it here because doing so would be inequitable (Doc. 427, PageID 6436); and 2) as applied here, the surcharge is tantamount to an arbitrary penalty.[1]

For the following reasons, I grant the government's request for imposition of a litigation surcharge.

## Discussion

### A. Entitlement to the Surcharge

When the United States pursues an action under subchapters B or C of the Federal Debt Collection Procedure Act (FDCPA), 28 U.S.C. § 3001, *et seq.*, it is "entitled" to ten percent of "the amount of the debt" as a surcharge "to cover the cost of processing and handling the litigation and enforcement[.]" 28 U.S.C. § 3011(a).

For purposes of the FDCPA, the term "debt" means, *inter alia*, "an amount that is owing to the United States on account of . . . assessment . . . [or] restitution." 28 U.S.C. § 3002(3)(B).

---

[1] The government argues that Pioch does not have standing to object to imposition of the surcharge. (Doc. 466, PageID 6642). For purposes of this decision, I assume, *arguendo*, that she has standing to do so.

In this case, part of Pioch's sentence included the obligation to pay restitution and a special assessment. (Doc. 380). That restitution award created a lien in favor of the United States, 18 U.S.C. § 3613(c), and the restitution amount constitutes a debt owing to the United States, 28 U.S.C. § 3002(3)(B). After learning that Pioch had, manifestly attempting to evade her restitution obligation, not liquidated all her investment accounts and applied the proceeds to the restitution obligation, the United States then sought to collect its debt by obtaining garnishment orders to seize the funds.

In these circumstances, the United States is facially entitled to the ten-percent surcharge, absent some reason not to award it to the government.

Section 3011 disentitles the United States to the surcharge only where: 1) it has already received an attorney's fee in connection with enforcing the claim; and 2) "the law pursuant to which the action on the claim is based provides any other amount to cover such costs." 28 U.S.C. § 3011(b)(1), (2). Because those limitations do not apply here, the government is entitled to the surcharge. *E.g.*, *U.S. v. Goyette*, 446 F. App'x 718, 721 (5th Cir. 2011) (district court did not abuse its discretion by imposing litigation surcharge where neither exception in § 3011(b) applied).

### B. Equitable Considerations

There is no merit to Pioch's argument that I should decline to impose the surcharge, in whole or in part, because imposing the surcharge would be inequitable.

Pioch relies on 28 U.S.C. § 3013, which provides that a court may "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any *enforcement procedure* under this chapter." (Emphasis supplied).

As the government correctly argues, however, the litigation surcharge is not an enforcement procedure. Rather, it is a sum to which the government is entitled after it has resorted to an enforcement procedure authorized by the FDCPA – here, the post-judgment garnishment actions – to collect and enforce a debt. *See Bd. of Governors of Fed. Reserve Sys. v. Pharaon*, 169 F.3d 110, 114 (2d Cir. 1999) (government was "entitled to recover a ten percent surcharge" because it had "sought a prejudgment remedy that was authorized by subchapter B of the FDCP Act").

This conclusion follows not only from the plain language of § 3011(a), but also from the structure of the FDCPA itself. Subchapter A of the FDCPA deals only with "definitions and general provisions." Section 3011 is part of that Subchapter. In contrast, Subchapters B and C define the available pre- and post-judgment enforcement procedures available to the United States to collect a debt. *See* 28 U.S.C. §§ 3101–05 (pre-judgment remedies); 28 U.S.C. §§ 3201–06 (post-judgment remedies).

Resisting this conclusion, Pioch contends that the surcharge must be an enforcement procedure because it appears in Subchapter A of the FDCPA, which provides that "the chapter is the exclusive civil procedure for the United States" to recover a judgment on a debt and obtain a pre-judgment remedy. 28 U.S.C. § 3001(a). (Doc. 451, PageID 6549).

Pioch misreads § 3001(a). The statute's reference to "chapter" refers, not to Subchapter A, but to "Chapter 176" of Title 28, which is the FDCPA as a whole. To the extent that Pioch seems to argue that § 3011(a) must be an enforcement provision because it is one part of the FDCPA, the argument has no merit. Taken to its logical conclusion, the argument would mean that every provision of the statute, including, for example, the definition section in § 3002 and

the "rules of construction" provision in § 3003, are also "enforcement provision," even though that is obviously not the case.

Most simply put, a litigation surcharge is not a tool for enforcing a debt. It is, rather, an appropriate consequence of the debtor's actions that necessitated the enforcement. The equitable powers available to a court under § 3013 thus have no application to a surcharge under § 3011(a).

### C. Arbitrary Penalty

Nor, finally, is there merit to Pioch's argument that imposing a surcharge of $204,148.33 is arbitrary and violates due process. (Doc. 465, PageID 6637–39).

According to Pioch, "the maximum surcharge that could be imposed would be 10% of the amount of the debt that has been collected by the government through garnishment proceedings[,]" as opposed to ten percent of the entire debt owed. (*Id.*, PageID 6637). Pioch stresses that that the total restitution amount "was imposed jointly and severally" with her two codefendants, and that she "never" had enough money to pay the restitution award itself. (*Id.*).

Unfortunately for Pioch, there is no basis in the text of § 3011(a) to support her argument.

Section 3011(a) entitles the government to a surcharge of "10 percent of the amount of the debt," not just that portion of the debt that is or is likely to be collected. Given the text of § 3011, the fact that Pioch and her codefendants are jointly and severally liable, and that Pioch is unlikely to be able to pay the restitution in full, are irrelevant.

Furthermore, the surcharge is not a penalty, but a statutory entitlement granted to the United States when it resorts to collection procedures under the FDCPA.

**Conclusion**

It is, therefore,

ORDERED THAT the government's request for a litigation surcharge under 28 U.S.C. § 3011(a) in the amount of $204,148.33 be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge