# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:14-cr-00403-01 |
| Plaintiff, | Judge James G. Carr |
| v. | |
| Susan M. Pioch, | **ORDER** |
| Defendant. | |

Pending is the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) (Doc. 537), *i.e.*, a reduction of sentence under U.S.S.G. Amendment 821. The government opposes the Motion (Doc. 538), and the Defendant filed a Reply on May 3, 2024 (Doc. 539).

For the reasons that follow, I deny the Motion.

The Government opposes the Defendant's Motion on the basis that she does not qualify for reduction because her crimes of conviction caused "substantial financial hardship" to her victim. (Doc. 538, pgID. 7779).

In her Reply, Defendant argues that her conduct does not fit within the meaning of "substantial financial hardship," as outlined in the Guidelines and Amendment 821. (Doc. 539 pgID. 7784-85).

The Defendant misreads the Guidelines and the meaning of causing "substantial financial hardship."

This is so because, as the Guidelines - generally - and Amendment 821 - specifically - make clear, these considerations are illustrative rather than exclusive. "[T]he court shall consider, **among other things, the non-exhaustive list of factors** provided in Application Note 4(F) of the

Commentary to § 2B1.1." U.S.S.G. § 4C1.1(b)(3) (emphasis added); *see also* F.S.G. § 2B1.1, *commentary* (4)(F).

In this case, the victim, a young man in his twenties, with a high school education at best. He was employed in marginal, low wage occupations.[1] He needed the money Defendant and her co-conspirators stole to further pursue his education. (Doc. 538, pgID 7778).

Simply put, Defendant and her three confederates obtained access to an estate, intended for the victim, of roughly $2 million. In between the time when they started looting the estate and when they ultimately were indicted, convicted, and sentenced, approximately $1 million of the ill-gotten gains (more than $2 million) had irretrievably disappeared.

By any measure, depriving nearly anyone of that kind of money illegally and unlawfully causes "substantial financial hardship."

## Conclusion

Accordingly, I find no merit to the Defendant's argument that, somehow, she is exempt from the requirements of Amendment 821 because her crimes did not cause "substantial financial hardship." That very Amendment precludes her from eligibility for a sentence reduction. By its own and plain terms, she is not eligible for consideration or reduction in sentence under Amendment 821.

I am well-aware that the Defendant's out-date is in one week. To some, not granting relief, under all the circumstances, may seem excessively punitive and harsh, even mean-spirited.

But here, Defendant was a lawyer. She owned income-producing apartment buildings. At the time of trial, she had no dependents. It is possible her elderly mother - who attended every day

---

[1] Defendant is due to be released from the custody of the Bureau of Prisons one week from the date on which she filed her Reply. Were time not so clearly of the essence, I would have been able to review the transcript of his testimony to clarify the victim's circumstances, rather than general use terms based on my recollection.

2

of the proceedings against her daughter – may still be alive and in need of Defendant's assistance. I acknowledge such consideration.

Nonetheless, granting relief is not what the law allows; denying relief is what the law demands. Accordingly, I find Defendant is not eligible for relief under Amendment 821.

It is accordingly hereby

Ordered that:

The Defendant's Motion for Sentence Reduction (Doc. 537) be, and the same hereby is, **denied**.

SO ORDERED.

*/s/James G. Carr*
Sr. U.S. District Judge

DATE: 5/7/2024